MATTHEW R. OAKES
matthew.oakes@usdoj.gov
UNITED STATES DEPARTMENT OF JUSTICE
ENVIRONMENT AND NATURAL RESOURCES DIVISION
LAW AND POLICY SECTION
BEN FRANKLIN STATION, P.O. BOX 7415
WASHINGTON, D.C.  20044

(202) 514-2686 (phone)
(202) 514-4231 (fax)

Attorney for the United States

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA LARES, | ) |
|     Plaintiff, | ) Case No. 5:17-cv-00625-SJO-MRW |
| | ) |
|     v. | ) STATEMENT OF INTEREST OF |
| | ) THE UNITED STATES |
| NET SHAPES, INC., a corporation, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

    The United States provides notice that it has reviewed the proposed settlement agreement in this action and does not object to its terms.  On August 2, 2018, the Citizen Suit Coordinator for the Department of Justice received a copy of

the proposed settlement agreement in the above-referenced case for review pursuant to Clean Water Act, 33 U.S.C. § 1365(c)(3). *See* Exhibit 1. This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice). A settlement that does not undergo this federal review process is at risk of being void.[1]

In its review, the United States seeks to ensure that a proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements,

---

[1] For purposes of the United States' right of review, the term "consent judgment" in the Clean Water Act citizen suit provision has a broad meaning, and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case. For example, the United States views a document stipulating to dismissal of a case or any part thereof would be within the scope of this language. Such documents and any associated instruments (even if not submitted to the Court) must be submitted to the United States for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen suit litigation to review compliance with this requirement.

the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, a supplemental environmental project payment sufficient to deter future violations, or combinations of the above.

In this case, Gloria Lares ("Plaintiff") ("CCAT") alleges Net Shapes, Inc., ("Defendant"), is in violation of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251, *et seq*. ("Clean Water Act" or "CWA") and the National Pollution Discharge Elimination System ("NPDES"), for discharges of pollutants into storm drains and receiving waters.

The proposed settlement agreement essentially requires Defendant to comply with the terms of California's Industrial General Permit – terms that Defendant is subject to even absent this settlement agreement.  Some submissions required by California's Industrial General Permit, however, must also be submitted to Plaintiff, and Defendant has agreed to pay $1,000 to The Trust for Public Land "[t]o remediate the alleged environmental harms resulting from alleged non-compliance with the [Industrial General Permit] that is alleged in the Complaint." *Settlement Agreement* ¶ 3.  Each party bears its own past and future attorneys' fees and costs.  *Settlement Agreement* ¶ 15.

Given these representations, the United States has no objection to the entry of the proposed settlement agreement.  We accordingly notify the Court of that fact.  We do note that Brodsky & Smith LLC, the law firm representing Plaintiff, has filed 158 notice of violation letters against various alleged violators in the Central District of California since June of 2016 alone, and has received almost $700,000 in settlement of a portion of those claims.  The United States has not identified any firm, solo practitioner, or organization having filed a similar volume of citizen suit actions in a similar timeframe over the 41-year history of CWA citizen suit litigation.  Based on concerns with this practice, the United States has

previously requested that reviewing courts in three cases[2] require Plaintiff to file a Motion to Enter, and the reviewing courts have ordered such a motion.

The United States believes the environmental relief accorded in this case is minimal. We do not request the Court to order the parties to file a Motion to Enter, however, because each party bears its own attorneys' fees and costs.

The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. See 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court.

---

[2] Those three cases are: (1) *Alfonso Lares v. Reliable Wholesale Lumber, Inc.*, Case No. 8:18-cv-00157-JLS-AGR; (2) *Gary Lunsford v. Arrowhead Brass Plumbing and Arrowhead Brass & Plumbing, LLC,* Case No. 2:16-cv-08373-PA-KS; and, (3) *Luke Delgadillo Garcia v. Miller Castings, Inc.*, Case No. 2:17-cv-07408-AB-AGR.

|   |                                                  |
|---|--------------------------------------------------|
| 1 | */s/ Matthew R. Oakes*                           |
| 2 | Matthew R. Oakes, Attorney                       |
| 3 | United States Department of Justice              |
| 4 | Environment and Natural Resources Division       |
| 5 | Law and Policy Section                           |
| 6 | P.O. Box 7415                                    |
| 7 | Washington, D.C. 20044                           |

## PROOF OF SERVICE

On this 17th day of September 2018, the Statement of Interest of the United States was served on counsel of record by electronic filing:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 2nd day of April 2018.

        */s/ Matthew R. Oakes*
        Matthew R. Oakes
        United States Department of Justice
        Environment and Natural Resources Division
        Law and Policy Section
        P.O. Box 7415
        Ben Franklin Station
        Washington, D.C. 20044
        (202) 514-2686